**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4016**

---

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

DWAYNE DANTEL THOMAS, a/k/a Weezy,

         Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:21-cr-00052-FL-1)

---

Submitted: October 24, 2023                Decided: November 1, 2023

---

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF**: Christopher S. Edwards, WARD AND SMITH, PA, Wilmington, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Dantel Thomas pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; possession with intent to distribute a mixture of methamphetamine, cocaine, fentanyl, and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Thomas to 144 months' imprisonment. Thomas' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the sentence is procedurally and substantively reasonable. Thomas did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss the appeal as barred by Thomas' waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and Thomas has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Thomas knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable. Thomas' challenges to his sentence fall squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly,

we grant the Government's motion to dismiss Thomas' appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.

This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*